```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

MADISON SHEWMAKER, *et al.*,      \*

    Plaintiffs,                \*

vs.                               \*

                                  CASE NO. 4:24-CV-85 (CDL)

YARDI SYSTEMS, INC., *et al.*,    \*

    Defendants.                \*

O R D E R

The Court reviewed the parties' positions on the scope of jurisdictional discovery contained in their "joint submission on proposed scheduling order." Although the parties agree on a schedule for jurisdictional discovery, they do not agree on the scope of jurisdictional discovery.

When the Court ordered jurisdictional discovery, the Court intended to allow Plaintiffs to conduct discovery related to the facts presented in Towne Properties Asset Management Company's declaration supporting its motion to dismiss (and similar forthcoming declarations from other Defendants who challenge personal jurisdiction). The declaration suggests that Towne Properties has no direct contacts with Georgia. Based on the scope of jurisdictional discovery Plaintiffs proposed in their motion, the Court believed that Plaintiffs intended to pursue jurisdictional discovery on this specific issue: direct contacts with Georgia. *See* Pls.' Mot. for Jurisdictional Disc. 5 § D, ECF

No. 156.[1]  Now, however, Plaintiffs propose that jurisdictional discovery include a significant amount of additional discovery related to their conspiracy jurisdiction argument.

It is the Court's understanding that the Defendants who challenge personal jurisdiction make two main arguments.  First, they argue that they have no direct contacts with Georgia, and they submitted (or plan to submit) evidence on that point.  These Defendants do not dispute that Plaintiffs may engage in jurisdictional discovery on matters related to this argument. Second, Defendants appear to assert that even if the Court accepts the factual allegations in Plaintiffs' complaint as true and draws all reasonable inferences in their favor, the allegations are still not enough to establish conspiracy jurisdiction under applicable authority.  Because Defendants do not appear to rely on matters outside the pleadings to support this argument, Plaintiffs can

---

[1] Plaintiffs' proposed topics were:
  a) the geographical location of [Defendant]'s offices in Georgia, including any de facto offices that may exist;
  b) the number of Georgia residents [Defendant] employs, or has employed in the last 15 years;
  c) [Defendant]'s involvement with the information used in Yardi's RENTmaximizer or associated software applications;
  d) any employees that perform work related to the information that is submitted to the RENTmaximizer program;
  e) any document regarding the corporate structure of [Defendant];
  f) any marketing by [Defendant] in Georgia relating to rental properties influenced by RENTmaximizer, including any marketing seen, viewed, or accessible by any resident in Georgia;
  g) any policies with respect to employees working remotely;
  h) any communications with other Defendants or their agents in Georgia; and
  i) all of the assertions in the declaration of [Defendant's representative].

2

respond to the motions to dismiss without discovery.  Accordingly, the Court denies Plaintiffs' request for expanded jurisdictional discovery beyond the topics listed in Section D of their motion for jurisdictional discovery.

The following schedule shall apply:

- Rule 12 motions due by **September 10, 2024.**[2]

- Jurisdictional discovery complete by **October 15, 2024.**

- Opposition to Rule 12 motions (including Plaintiffs' supplemental response to Towne Properties' motion) due by **October 25, 2024.**

- Replies in support of Rule 12 motions due by **November 25, 2024.**

There will be no extensions to this schedule.  The parties are reminded that no motions regarding discovery disputes may be filed before counsel for the parties meets in person to attempt in good faith to resolve the dispute.  "In person" means physically present in the same room and does not include virtual or remote presence.

IT IS SO ORDERED, this 26th day of August, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Defendants that joined the briefing schedule set forth in the Order dated July 1, 2024 (ECF No. 40) agreed to file a single, 45-page omnibus motion to dismiss.  The order stated that short individual motions would be allowed.  Individual motions shall not be filed unless they are necessary to raise an argument specific to an individual Defendant.  Individual motions must not repeat arguments made in the omnibus motion.